UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LORENZO LOPEZ, an individual,

   Plaintiff,

v.                                            CASE NO.: 6:10-cv-01887-MSS-KRS

VIRGINIA WINN, an individual, and
TARGET CORPORATION,
a Foreign Profit Corporation,

   Defendants.

_____/

## AMENDED COMPLAINT

COMES NOW, the Plaintiff, LORENZO LOPEZ, and hereby sues the Defendants, VIRGINIA WINN, an individual, and TARGET CORPORATION, a Foreign Profit Corporation, for damages and for his Amended Complaint alleges as follows:

### PARTIES, JURISDICTION, VENUE ALLEGATIONS

1.     This is a civil action against Defendants for damages in excess of Fifteen Thousand Dollars ($15,000.00) on behalf of the Plaintiff, LORENZO LOPEZ, arising out of the psychological and/or emotional injuries sustained by Plaintiff, and brought about by the actions of Defendant, VIRGINIA WINN, during the scope of her employment with the Defendant, TARGET CORPORATION.

2. This Court has subject matter jurisdiction over this matter based upon the causes of action asserted herein and because the Plaintiff's damages exceed the minimum jurisdictional amount of this Court, exclusive of interest, costs, and attorney's fees.

3. At all times material hereto, the Plaintiff, LORENZO LOPEZ, (hereinafter referred to as "Mr. LOPEZ"), was a resident of Orange County, Florida.

4. At all times material hereto, the Defendant, VIRGINIA WINN, (hereinafter referred to as "Ms. WINN"), was an employee, servant and/or agent of TARGET CORPORATION and served as a cashier at the Target Department Store at 4750 Millenia Plaza Way in Orlando, Florida on May 21, 2008.

5. At all times material hereto, the Defendant, TARGET CORPORATION, (hereinafter referred to as "TARGET"), was and continues to be, a Foreign Profit Corporation.

6. Venue in this case is proper in Orange County, Florida as the cause of action herein arose in Orange County, Florida.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

7. Mr. LOPEZ is a fifty-four year old Hispanic gentleman with a date of birth of December 25, 1955.

8. At all times material hereto, Ms. WINN was an employee, servant and/or agent of TARGET CORPORATION and served as a cashier at the Target Department Store at 4750 Millenia Plaza Way in Orlando, Florida on May 21, 2008.

9. Ms. WINN is Caucasian.

10. TARGET is a discount retail store that has held and continues to hold itself out to the general public at large as serving the general public.

11. On May 21, 2008, Mr. LOPEZ went to the Target Department Store at 4750 Millenia Plaza Way in Orlando, Florida to fill a medical prescription for his wife.

12. The TARGET employee in the pharmacy department informed Mr. LOPEZ that processing the prescription would take approximately twenty (20) minutes and suggested that Mr. LOPEZ carry out some shopping while waiting for the prescription to get filled.

13. Mr. LOPEZ decided to follow the pharmacy employee's advice and proceeded to purchase some groceries. When he completed his shopping, Mr. LOPEZ looked for a register at which to pay for his items.

14. Mr. LOPEZ entered the line for register number twenty-five (25). He waited for about five (5) minutes before it was his turn, but as Mr. LOPEZ approached the white, female cashier, she inexplicably told him that her register was closed. There were other people standing in line behind Mr. LOPEZ. Mr. LOPEZ hesitated to leave the line, but the cashier again told him in a very rude tone of voice that her register was closed.

15. Mr. LOPEZ left the register and started to look for an open register. As he looked back, Mr. LOPEZ saw that the cashier at register number twenty-five (25) continued to serve the next person in line. The cashier was laughing and gesturing toward Mr. LOPEZ to the customers standing in line. Notably, Mr. LOPEZ was the only Hispanic person in that line.

16. Mr. LOPEZ was upset and humiliated, but decided to proceed toward another check-out counter. At this point, he was stopped by a supervisor, Jennifer, who told him that register number twenty-five (25) would accept payment for his purchases and that he should go back to that register.

17. Mr. LOPEZ explained to the supervisor that the cashier had told him that she was closed, and, in response, the supervisor called over to the cashier at register number twenty-five (25), instructing her to assist Mr. LOPEZ. Thus, Mr. LOPEZ returned to that register and waited in line all over again.

18. When it was finally Mr. LOPEZ's turn again, and as he reached the same cashier, she said in a very loud voice, "**Don't you listen? I'm closed!**" At this point, Mr. LOPEZ was mortified, but he informed her that the supervisor had told him to return to her register and that it should be open. Then the cashier rudely and even louder stated, "**Don't you understand? I'm closed to YOU!**" Mr. LOPEZ, utterly embarrassed and not desiring a confrontation, left the counter.

19. As he looked back, Mr. LOPEZ could see the cashier speaking with two (2) male customers who had been behind him in line, and, once again, she gestured toward Mr. LOPEZ and laughed. Notably, there were no other people of Hispanic or African-American origin, or other minority status, in this line.

20. Mr. LOPEZ proceeded to another cashier and told her of the incident while she was assisting him.

21.     This cashier stated that what had happened to him was "not right," and she would obtain a supervisor with whom he could discuss what had happened to him.  The cashier told him to wait and she would direct a supervisor to him.

22.     At that point, Jennifer, the supervisor who had directed him to return to the original cashier, again approached Mr. LOPEZ.  He explained to her in detail what had just happened.  Jennifer apologized profusely and then went into an office nearby.  She returned with three (3) coupons, each worth three dollars ($3.00).  Given what had happened, Mr. LOPEZ started to hand them back to the supervisor, but then, again desiring to avoid further confrontation, simply left the store.

23.     Mr. LOPEZ went to a nearby Chinese food restaurant.  He was still in a state of shock and could not believe what had just happened to him at TARGET.  Mr. LOPEZ was very distraught by the incident and decided to return to the store in order to speak to a general manager.

24.     Back at the store, Mr. LOPEZ asked for Jennifer, hoping that she could direct him to the general manager.  Instead, one of the clerks directed him to a different supervisor by the name of Felicia.

25.     Felicia told him that Jennifer was working in the back and that there was no manager in the store at that hour.  She asked him if she could assist him and Mr. LOPEZ described the incident to her.  She apologized for the cashier's behavior.  She also informed him that the cashier's name was VIRGINIA WINN and that there was a record of at least two prior occasions upon which this particular cashier acted in a discriminatory fashion towards minority customers.

5

26. Felicia gave him a guest comment card with the customer service telephone number to call, and she wrote the name of VIRGINIA WINN and Jennifer on the card.

27. The actions of Ms. WINN, i.e., refusing to serve Mr. LOPEZ on the basis of his race, ethnicity, and national origin, as well as humiliating him in front of other customers by laughing and gesturing at him for the same reason, are discriminatory in nature.

28. The fact that this employee has a prior history of such behavior, i.e., having engaged in similar discriminatory behavior on previous occasions, reflects knowledge, and an unabashed callousness, on the part of TARGET by retaining such an employee and allowing this employee to continue to humiliate and refuse or provide inferior service to minorities shopping in the store.

## COUNT I

### CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AS AGAINST VIRGINIA WINN ("MS. WINN")

29. Plaintiff realleges and reavers paragraphs 1-28 as if fully set forth herein, and would further allege as follows:

30. At all times material hereto, the actions of Ms. WINN, as set forth herein, and particularly as directed toward Mr. LOPEZ, were intentional in nature.

31. The conduct of Ms. WINN represented conduct of an extreme and outrageous nature in view of the humiliation and degradation of Mr. LOPEZ in front of other TARGET customers and employees.

32. Ms. WINN acted with willful misconduct in embarrassing Mr. LOPEZ by refusing to serve only him, a member of a minority class, and speaking to him in a loud and demeaning voice in front of other TARGET customers and employees.

33. Ms. WINN's actions of laughing and gesturing at Mr. LOPEZ in front of other customers and TARGET employees, while refusing to serve him, were intentional and constituted outrageous conduct in light of the fact that this type of conduct was intended to be discriminatory against a member of a minority class.

34. Ms. WINN did not act in this discriminatory manner with similarly situated non-minority individuals who were in line in front of and behind Mr. LOPEZ at the time of the incident. In fact, once Mr. LOPEZ left the cash register, she immediately proceeded to serve the other non-minority customers.

35. At the time of her discriminatory actions, Ms. WINN acted within the scope of her employment with TARGET.

36. As a direct and proximate result of the actions of Ms. WINN, Mr. LOPEZ endured severe mental and emotional suffering and distress, deep humiliation, and severe emotional anguish, for which Ms. WINN shall be liable.

WHEREFORE, Plaintiff, Mr. LOPEZ, demands judgment against Defendant Ms. WINN for damages, together with interest (on all sums to which interest is applicable under Florida law), costs, and such other relief as this Court deems just and proper, and demands trial by jury on all issues so triable.

## COUNT II

## CLAIM FOR VICARIOUS LIABILITY
## AS AGAINST TARGET CORPORATION ("TARGET")

37. Plaintiff realleges and reavers paragraphs 1-28 as if fully set forth herein, and would further allege as follows:

38. At all times material hereto, TARGET had as its employee, servant, actual agent and/or apparent agent, Ms. WINN.

39. The conduct of Ms. WINN represented conduct of an extreme and outrageous nature in view of the humiliation and degradation of Mr. LOPEZ in front of other TARGET customers and employees.

40. Ms. WINN acted with willful misconduct in embarrassing Mr. LOPEZ by refusing to serve only him, a member of a minority class, and speaking to him in a loud and demeaning voice in front of other TARGET customers and employees.

41. Ms. WINN's actions of laughing and gesturing at Mr. LOPEZ in front of other customers and TARGET employees, while refusing to serve him, were intentional and constituted outrageous conduct in light of the fact that this type of conduct was intended to be discriminatory against a member of a minority class.

42. Ms. WINN did not act in this discriminatory manner with similarly situated non-minority individuals who were in line in front of and behind Mr. LOPEZ at the time of the incident. In fact, once Mr. LOPEZ left the cash register, she immediately proceeded to serve the other non-minority customers.

43. At all times material hereto, Ms. WINN was acting within the course and scope of her employment with TARGET, and as such, TARGET is vicariously liable for the actions of Ms. WINN.

44. Ms. WINN's conduct was within the scope of her employment as a cashier at TARGET.

45. Ms. WINN's contact with Mr. LOPEZ was the kind of contact she was employed to perform as a cashier at TARGET.

46. Ms. WINN's contact with Mr. LOPEZ occurred within the time and space limits of her employment. She provided service to Mr. LOPEZ while working at the cash register.

47. As a direct and proximate result of the actions of Ms. WINN, Mr. LOPEZ endured humiliation, degradation, psychological trauma and mental and emotional anguish for which TARGET shall be liable.

WHEREFORE, Plaintiff, Mr. LOPEZ, demands judgment against Defendant TARGET for damages, together with interest (on all sums to which interest is applicable under Florida law), costs, and such other relief as this Court deems just and proper, and demands trial by jury on all issues so triable.

## COUNT III

### CLAIM FOR NEGLIGENT TRAINING, SUPERVISION, AND RETENTION AS AGAINST TARGET CORPORATION ("TARGET")

48. Plaintiff, Mr. LOPEZ, realleges and reavers paragraphs 1-28 as if fully set forth herein, and would further allege as follows:

49. At all times material hereto, Ms. WINN acted with willful and intentional misconduct in refusing to serve Mr. LOPEZ, based upon his status as a member of a minority class.

50. TARGET knew or should have known that Ms. WINN was predisposed to committing wrongful actions when encountering minority customers within the store.

51. In fact, TARGET was aware of Ms. WINN's propensity to discriminate toward members of a minority class, as reflected by the fact that the TARGET Supervisor, Felicia, informed Mr. LOPEZ that Ms. WINN had treated minority customers in a discriminatory manner on at least two (2) prior occasions.

52. This information reflects that TARGET was placed on notice and had actual knowledge that Ms. WINN discriminated against minority customers.

53. TARGET was responsible for bringing Mr. LOPEZ into contact with Ms. WINN by hiring and employing her at this store location, as well as retaining her as an employee despite the knowledge that Ms. WINN had a propensity to discriminate against customers belonging to a minority class.

54. In view of Ms. WINN's history of mistreating minority customers, as well as the fact that TARGET was fully aware of Ms. WINN's propensity to do so, it was not reasonable for TARGET to permit Ms. WINN to continue performing her job.

55. TARGET had an obligation to take necessary measures in removing Ms. WINN from her position, or, at least, giving her the necessary training and supervision to prevent discrimination by her of the store's minority customers. TARGET has clearly failed to properly train and/or supervise Ms. WINN in her position as a cashier.

56. The actions of the Defendant, TARGET, as set forth herein, in view of TARGET's knowledge of Ms. WINN's propensity for such conduct, further constitute negligent retention.

WHEREFORE, Plaintiff, Mr. LOPEZ, demands judgment against Defendant TARGET for damages, together with interest (on all sums to which interest is applicable under Florida law), costs, and such other relief as this Court deems just and proper, and demands trial by jury on all issues so triable.

## COUNT IV

### CLAIM FOR VIOLATION UNDER 42 U.S.C. § 1981 AS AGAINST VIRGINIA WINN ("MS. WINN")

57. Plaintiff realleges and reavers paragraphs 1-28 as if fully set forth herein, and would further allege as follows:

58. This count is brought pursuant to § 1981 of the U.S.C., Civil Rights Act of 1866 ("§ 1981").

59. The Plaintiff is Hispanic, and, thus, a member of a racial minority.

60. Defendant, Ms. WINN, intentionally discriminated against Plaintiff on the basis of race.

61. Ms. WINN intentionally discriminated against Mr. LOPEZ because he was Hispanic, closing her register to Mr. LOPEZ, as it was his turn to pay for the products he desired to purchase, because of his race. She then immediately reopened it to serve non-minority customers standing behind Mr. LOPEZ after he left the register

62.     The discrimination was directed toward one or more of the activities protected by the statute, i.e., the right to contract.

63.     Ms. WINN did not mistreat or refuse to serve any of the non-minority customers she was serving immediately prior to or after Mr. LOPEZ sought to purchase the desired items.

64.     The intentional nature of this discrimination towards Mr. LOPEZ due to his race was confirmed by another TARGET employee, Felicia, when she stated that Ms. WINN had a record of discriminating against minority customers.

65.     Ms. WINN refused to serve Mr. LOPEZ not just once but twice due to his race, causing him tremendous hurt, embarrassment, and emotional anguish, in front of numerous other customers.

66.     The actions of Ms. WINN, in refusing service to Mr. LOPEZ when he first approached her cash register and, thereupon, when he was redirected to the same register by the TARGET manager deprived Mr. LOPEZ of his right to make and enforce contracts under § 1981.

67.     Pursuant to 42 U.S.C. § 1988(b), the Plaintiff is entitled to recover from Defendant, Ms. WINN, reasonable attorney's fees, including expert's fees, as part of the costs in any action or proceeding to enforce a provision of § 1981.

WHEREFORE, Plaintiff, Mr. LOPEZ, demands judgment against Defendant, Ms. WINN, for all damages permitted to flow from a violation of 42 U.S.C. § 1981, including reasonable attorney's fees, expert fees, pre-judgment interest, cost of this action and for such other and further relief as the court deems just and proper.

**V.**

**CLAIM FOR VIOLATION OF THE CIVIL RIGHTS ACT 42 U.S.C. § 1981
AS AGAINST TARGET CORPORATION ("TARGET")**

68.     Plaintiff realleges and reavers paragraphs 1-28 as if fully set forth herein, and would further allege as follows:

69.     This count is brought pursuant to § 1981 of the U.S.C., Civil Rights Act of 1866 ("§ 1981").

70.     The Plaintiff is Hispanic, and, thus, a member of a racial minority.

71.     Defendant, TARGET, acting by and through its employee, Ms. WINN, intentionally discriminated against plaintiff on the basis of race.

72.     TARGET, acting by and through its employee, Ms. WINN, intentionally discriminated against Mr. LOPEZ because he was Hispanic, closing the register to Mr. LOPEZ, as it was his turn to pay for the products he desired to purchase, because of his race.  The register was then immediately reopened to serve non-minority customers standing behind Mr. LOPEZ after he left the register.

73.     The discrimination was directed toward one or more of the activities protected by the statute, i.e., the right to contract.

74.     Ms. WINN did not mistreat or refuse to serve any of the non-minority customers she was serving immediately prior to or after Mr. LOPEZ sought to purchase the desired items.

75.     The intentional nature of this discrimination towards Mr. LOPEZ due to his race was confirmed by another TARGET employee, Felicia, when she stated that Ms.

WINN had a record of discriminating against minority customers.

76. TARGET, acting by and through its employee, Ms. WINN, refused to serve Mr. LOPEZ not just once but twice due to his race, causing him tremendous hurt, embarrassment, and emotional anguish, in front of numerous other customers.

77. The actions of Ms. WINN, in refusing service to Mr. LOPEZ when he first approached her cash register and, thereupon, when he was redirected to the same register by the TARGET manager deprived Mr. LOPEZ of his right to make and enforce contracts under § 1981.

78. Pursuant to 42 U.S.C. § 1988(b), the Plaintiff is entitled to recover from Defendant, TARGET, reasonable attorney's fees, including expert's fees, as part of the costs in any action or proceeding to enforce a provision of § 1981.

WHEREFORE, Plaintiff, Mr. LOPEZ, demands judgment against Defendant, TARGET, for all damages permitted to flow from a violation of 42 U.S.C. § 1981, including reasonable attorney's fees, expert fees, pre-judgment interest, cost of this action and for such other and further relief as the court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Mr. LOPEZ, demands a trial by jury on all issues so triable.

DATED this 16th day of March, 2011.

>Respectfully submitted,
>
>**URBAN THIER FEDERER**
>**& JACKSON, P.A.**
>200 S. Orange Avenue, Suite 2025
>Orlando, Florida  32801
>Tel.    407-245-8352
>Fax.    407-245-8361
>
>
>By: s/ Michael R. Jackson
>       Michael R. Jackson, Esq.
>       Fla. Bar No. 0161632
>
>*Attorneys for Plaintiff, Lorenzo Lopez*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 16, 2011 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

>James A. Coleman, Esquire
>James A Coleman, P.A.
>612 E. Colonial Drive, Suite 250
>Orlando, Florida 32803

>       s/ Michael R. Jackson
>       Michael R. Jackson, Esq.